IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD MONTANO,**

      **Plaintiff,**

vs.                                                                       CIV-07-1259 LAM

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

      **Defendant.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision* (*Doc. 15*) (hereinafter "*Motion*"). Chief United States District Judge Martha Vázquez referred the claims raised in the *Motion* to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.[2] The Court has reviewed the *Motion* and Plaintiff's *Memorandum in Support of Motion to Reverse or Remand Administrative Agency Decision* (hereinafter "*Memorandum in Support*") (*Doc. 16*), *Defendant's Response to Plaintiff's Motion to Reverse and [sic] Remand* (hereinafter "*Response*") (*Doc.18*), Plaintiff's *Reply in Support of Motion to Reverse or Remand Administrative Agency Decision* (hereinafter "*Reply*") (*Doc. 19*), the pleadings filed in this case and relevant law. Additionally, the Court has meticulously

---

[1] **Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] *See **Order of Reference** (Doc.24).*

reviewed and considered the entire administrative record (hereinafter "*Record*" or "*R.*"). For the reasons set forth below, the Court recommends that the decision of the Commissioner of Social Security (hereinafter "Commissioner") be **AFFIRMED**, and that Plaintiff's *Motion* be **DENIED.**

## I.  Procedural History

On April 11, 2006, Plaintiff, Richard Montano, filed applications for disability insurance and supplemental security income benefits.[3]  *See* **Memorandum in Support** *(Doc. 16)* at 5 and *R.* at 25. Plaintiff states that he "became unable to work in November 2000 after having been involved in the first of two separate motor vehicle accidents wherein he sustained injuries to lumbar regions of his spine." **Memorandum in Support** *(Doc. 16)* at 2; *see also R.* at 205. Plaintiff states that, "[i]n addition to his physical impairments, [he] also suffers from mental impairments that further prevent him from returning to work." **Memorandum in Support** *(Doc. 16)* at 3. Plaintiff's applications were denied at the initial and reconsideration levels. *R.* at 64-66 and 67-75, respectively. Plaintiff requested a hearing (*R.* at 63) and Administrative Law Judge (hereinafter "ALJ") Mark Dawson conducted a hearing on May 30, 2007. *R.* at 200-21. Plaintiff was present and testified at the hearing. *R.* at 203-14. Plaintiff was represented by his attorney at the hearing. *R.* at 202. On June 28, 2007, the ALJ issued a decision denying Plaintiff's applications and finding that he "has not been under a disability within the meaning of the Social Security Act from November 27, 2000 through the date of this decision."[4] *R.* at 26. On July 3, 2007, Plaintiff requested that the Appeals Council

---

[3]The applications are not part of the *Record*.

[4]The ALJ made the following specific findings, *inter alia*, with regard to Plaintiff: (1) he met the insured status requirements of the Social Security Act through June 30, 2003; (2) he had not engaged in substantial gainful activity since November 27, 2000; (3) he had "severe" combination of impairments, based on the requirements in 20 C.F.R. §§ 404.1520(c) and 416.920(c), consisting of degenerative disc disease of the lumbar spine, with mild disc herniation;  (4) his impairments did not meet, or medically equal, one of the listed impairments in 20 C.F.R., Part 404,
(continued...)

review the ALJ's decision and submitted additional medical evidence (*R.* at 12-21) and, on October 15, 2007, the Appeals Council issued its decision declining review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *R.* at 7-9. On November 13, 2007, Plaintiff submitted additional medical and psychological evidence to the Appeals Council in support of his request for review and asked the Appeals Council to reopen its previous decision. *See R.* at 198-99; *see also* **Memorandum in Support** *(Doc. 16)* at 6 (citing *R.* at 185-99). The Appeals Council reviewed the additional evidence and made it part of the record, but concluded that it "is cumulative of evidence that was considered by the Administrative Law Judge in his decision and does not contain any additional significant clinical findings than the evidence of record." *R.* at 5 (referring to *R.* 185-99). On December 13, 2007, Plaintiff filed his complaint in this action. *See* **Complaint** *(Doc. 1)*.

## II.  Standard of Review

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied the correct legal standards. *See Hamilton v. Sec'y. of Health & Human Services*, 961 F.2d 1495, 1497-1498 (10th Cir. 1992). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *See, e.g., Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004);

---

[4](...continued)
Subpart P, Appendix 1; (5) he retained the residual functional capacity (hereinafter "RFC") to perform "the full range of sedentary work;" (6) he was unable to perform his past relevant work; (7) he was a "younger individual" within the meaning of 20 C.F.R. §§ 404.1563 and 416.963; (8) he had a "limited eleventh grade education and is able to communicate in English;" (9) transferability of job skills was not material to the determination of disability; (10) there are jobs in significant numbers in the national economy that Plaintiff could perform; and (11) he was not under a "disability," as defined in the Social Security Act, from November 27, 2000, through the date of the ALJ's decision. (*R.* at 27-28, 31, 32).

*Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). This Court's assessment is based on a meticulous review of the entire *Record*, where the Court can neither re-weigh the evidence nor substitute its judgment for that of the agency. *See Hamlin*, 365 F.3d at 1214; *see also Langley*, 373 F.3d at 1118. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118 (citation and quotation omitted); *see also Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (citation and quotation omitted); *see also Hamlin*, 365 F.3d at 1214. While the Court may not reweigh the evidence or try the issues *de novo*, its examination of the *Record* as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).

For purposes of disability insurance benefits and supplemental security income, a person is considered to be disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A) and 42 U.S.C. § 1382c(a)(3)(A). A five-step sequential evaluation process has been established for evaluating a disability claim. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520 and 416.920. At the first four steps of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful activity; that he has a medically severe impairment or combination of impairments; and that either his impairment(s) meet or equal one of the presumptively disabling impairments listed in the regulations

under 20 C.F.R., Part 404, Subpart P, Appendix 1,[5] or that he is unable to perform his past relevant work. *See Grogan v. Barnhart*, 399 F.3d at 1261 (10th Cir. 2005); 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Id.*

### III.  Plaintiff's Age, Education, Work Experience and Medical History; Vocational Expert

Plaintiff was 40 years old on the date of the hearing before the ALJ. *See R.* at 203. Plaintiff testified that he has an 11th grade education and has twice failed the test to obtain a GED. *R.* at 203-04. Plaintiff testified that he last worked for Wal-Mart in 2000 and prior to that was employed as an assembly line worker, cook, meat market counter employee, electrical equipment installer, hotel maintenance worker, ironworker, and warehouse stocker. *R.* at 209-12, *see also R.* at 78 and 86. Plaintiff's medical records document treatment from Frederick W. Rupp, Radiologist (*R.* at 35-36 (duplicate set of records at *R.* at 196-97)); University of New Mexico Health Sciences Center (Blaine Hart, M.D. (*R.* at 37-39 (duplicate set of records at *R.* at 153-55)) and Bruce B. Storrs, M.D., F.A.C.S., F.A.A.P. (*R.* at 150-52); Presbyterian Magnetic Resonance Imaging Center (*R.* at 132); Physicals Plus, Incorporated (Bruce Eckhardt, P.T.) (*R.* at 135); Presbyterian Hospital (*R.* at 136-46); Ronald Takemoto, M.D. (*R.* at 147); First Choice Community Healthcare (Barbara Bath, M.D.) (*R.* at 149); and Dr. Frank Hesse (*R.* at 156-59). On August 16, 2007,

---

[5]If a claimant can show that his impairment meets or equals a listed impairment, and also meets the duration requirement in 20 C.F.R. § 404.1509 (requiring that an impairment have lasted or be expected to last for a continuous period of at least twelve months), he will be found disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii) and 404.1520(d); *see also* 20 C.F.R. §§ 416.909, 416.920(a)(4)(iii) and 416.920(d).

Dr. Clifford Morgan, Ph.D. conducted a consultative psychological examination of Plaintiff. *R.* at 185-95. Where relevant, Plaintiff's medical records are discussed in more detail below.

### IV.  Discussion/Analysis

Plaintiff contends that the ALJ's decision should be remanded for four reasons: First, that the ALJ failed to develop the record by failing to obtain a consultative psychological examination; second, that the ALJ failed to consider lay witness testimony; third, that the ALJ failed to consider whether Plaintiff's impairments equaled the severity of Listing 1.04; and fourth, that the ALJ erred in applying the Grids at step five because they did not account for Plaintiff's non-exertional impairments.  *See* ***Memorandum in Support*** *(Doc. 16)* at 1, 7-19.  As relief, Plaintiff asks the Court to reverse the ALJ's decision or, alternatively, to remand the case for a new hearing before an ALJ. *Id.* at 20.  Defendant disputes Plaintiff's contentions and argues that the ALJ's decision should be affirmed because it is based on substantial evidence.  *See* ***Response*** (*Doc. 18*) at 4-13.

#### *A.  Failure to Obtain Consultative Psychological Examination*

Plaintiff states that the ALJ should have ordered a consultative psychological examination based on a letter sent by his counsel to the ALJ on May 24, 2007, asking the ALJ to obtain a consultative psychological examination for Plaintiff.  *See* ***Memorandum in Support*** *(Doc. 16)* at 7 and *R.* at 122.  The letter states that Plaintiff "suffers from depression, and possibly from PTSD as a result of his MVA," and that Plaintiff "also demonstrates poor intellectual functioning." ***Memorandum in Support*** *(Doc. 16)* at 7 and *R.* at 122.  Plaintiff also contends that testimony by Plaintiff and his girlfriend at the hearing provided evidence establishing the need for a consultative psychological examination.  ***Memorandum in Support*** *(Doc. 16)* at 8 (citing *R.* at 203, 208, 212). Specifically, Plaintiff states that his girlfriend's testimony that Plaintiff "does become depressed quite

6

often" and is "constantly in bed and he does cry a lot" provided a basis for ordering a consultative psychological examination. *Memorandum in Support (Doc. 16)* at 8-9 (quoting *R.* at [216-]217). Plaintiff also states that the ALJ was aware of Plaintiff's intellectual impairments because he knew that Plaintiff could not complete Social Security Administration forms and that Plaintiff had not completed high school and had tried and failed twice to obtain his GED. *Memorandum in Support (Doc. 16)* at 9 (citing *R.* at [203-]204, 216-20, 119-21, 203). Plaintiff contends that the "legal error" of failing to order a consultative psychological examination resulted in Plaintiff "having to bear the expense and responsibility" of obtaining a comprehensive psychological examination, and that this examination revealed evidence that the Appeals Council should have considered in its review of the ALJ's decision. *Id.* at 11-13.

Defendant responds that the ALJ properly developed the record because he "admitted into evidence all the medical records that Plaintiff submitted, and [which] the Agency received." *Response (Doc. 18)* at 5 (citations to *Record* omitted). Defendant states that the ALJ's decision not to order a consultative psychological examination was correct because the ALJ found that "the record contain[ed] no medical evidence of a depressive disorder during the relevant period." *Id.* at 6 (citing *R.* at 28). Defendant argues that, "[t]herefore, Plaintiff's subjective claims, cumulative testimony of his girlfriend, and counsel's statements are insufficient evidence to trigger further development of the record." *Response (Doc. 18)* at 7 (citation omitted). In addition, Defendant states that the Appeals Council was not required to consider the psychological examination in its review of the ALJ's decision because it "concerned only Plaintiff's 'current status,'" and the Appeals Council only must consider evidence that "relates to the period on or before the date of the [ALJ's] decision." *Response (Doc. 18)* at 7 (citing *R.* at 5, 185, 193).

7

In his *Reply*, Plaintiff states that evidence that Plaintiff struggled academically in high school and that he could not complete the Social Security Administration forms was sufficient objective evidence to trigger the ALJ's duty to obtain a consultative psychological examination. *See **Reply** (Doc. 19)* at 3-4.

While the claimant has the burden of demonstrating that he is entitled to benefits, a social security disability hearing is nevertheless a nonadversarial proceeding. *See Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Therefore, "[t]he ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993). To meet the "basic duty of inquiry," the ALJ must "'inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987) (quoting *Heckler v. Campbell*, 461 U.S. 458, 471 n.1 (1983)). "The Secretary has broad latitude in ordering a consultative examination." *Diaz v. Sec'y of Health and Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990). "[T]he ALJ should order a consultative exam when evidence in the record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability." *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). The Tenth Circuit has held that a consultative examination should be ordered when there is medical evidence in the record that establishes the reasonable possibility of the existence of a disability. *See Carter v. Chater*, 73 F.3d 1019, 1021-22 (10th Cir. 1996).

The Court finds that the ALJ was not required to obtain a consultative psychological examination based on the evidence in the record at the time of the ALJ's decision. The evidence that

Plaintiff failed his GED test twice, had difficulty completing the Social Security Administration forms, and statements in Plaintiff's counsel's letter and his girlfriend's testimony do not "establish[] the reasonable possibility of the existence of a disability." *Hawkins*, 113 F.3d at 1169. Instead, the ALJ correctly found that there was no medical evidence diagnosing Plaintiff with a depressive disorder.[6] *See e.g., Carter*, 73 F.3d at 1021-22 (finding that a medical diagnosis of a depressive disorder provided evidence "requir[ing] the ALJ to develop the record concerning depression").

In addition, while it is true that evidence not before the ALJ may be presented to the Appeals Council and "becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence" (*O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994)), this "new evidence" must relate to the period on or before the date of the ALJ's decision. *Id.* at 858; 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."). Dr. Morgan's examination of Plaintiff took place on August 16, 2007, which was after the ALJ's June 28, 2007, decision (*see R.* at 185 and 22), and reflects Dr. Morgan's assessment of Plaintiff's "current status." *R.* at 193. The Court finds that the Appeals Council correctly found that "the report from Clifford Morgan, Ph.D., concerns a new impairment after the date of the Administrative Law Judge's decision," and, therefore, was not "material" under 20 C.F.R. § 404.970(b). *See R.* at 5.

---

[6]The Court agrees with Defendant that the ALJ's statement in the *Record* at page 28 that "there is evidence from a treating source diagnosing the claimant with a depressive disorder," is a typographical error because it is immediately followed by the ALJ's stating that "[t]he only indication of depression came from the claimant's own statements of symptoms." *See **Response** (Doc. 18)* at 6 n.2 (quoting *R.* at 28).

9

### *B. Consideration of the Lay Witness Statement*

Next, Plaintiff challenges the ALJ's failure to consider testimony from "Ms. Janelle Montoya, [Plaintiff's] significant other and mother of his 7-year-old son." *Memorandum in Support (Doc. 16)* at 13; *see R.* at 215-20. At the hearing before the ALJ, Ms. Montoya testified about Plaintiff's spinal disorders, chronic pain, emotional impairment, and intellectual functioning, that she scheduled Plaintiff's appointments, completed his social security forms, and that Plaintiff had unsuccessfully attempted to return to work. *R.* at 216-20. Plaintiff claims that the ALJ erred because his "decision completely fails to mention this testimony and does not address it in any way, shape, or form." *Memorandum in Support (Doc. 16)* at 13 (emphasis omitted) (citing *R.* at 27-32). Defendant states that the ALJ noted that Ms. Montoya appeared and testified, and that, "although the ALJ did not further discuss Ms. Montoya's testimony, it is clear the ALJ considered it." *Response (Doc. 18)* at 7 (citing *Adams v. Chater*, 93 F.3d 712, 714 (10th Cir. 1996)). Defendant contends that "a separate discussion of [Ms. Montoya's] testimony would have only been cumulative because Ms. Montoya's testimony simply echoed Plaintiff's testimony." *Response (Doc. 18)* at 8.

The Social Security regulations provide that evidence from non-medical sources, including relatives, may be used to show the severity of an impairment and how it affects a claimant's ability to work. *See* 20 C.F.R. §§ 404.1513(d)(4) and 416.913(d)(4). The Tenth Circuit has held that the ALJ is not required to make specific written findings regarding each witness' credibility, as long as it is clear from the ALJ's written opinion that the ALJ has considered the witness' testimony. *See Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006) (citing *Adams v. Chater*, 93 F.3d at 715). The Tenth Circuit has held that when a lay witness' testimony is "largely cumulative" of the claimant's testimony and written statements, the ALJ is not required to explicitly discuss the lay witness'

10

testimony. *Brescia v. Astrue*, No. 07-4234, 287 Fed. Appx. 626, 630-31, 2008 WL 2662593 (10th Cir. July 8, 2008) (unpublished). The Court finds that Ms. Montoya's testimony is "largely cumulative" of Plaintiff's testimony and written statements. *See R.* at 205, 208, 216 (Plaintiff's testimony about his spinal disorders and chronic pain), *R.* at 204, 208-09, 217 (Plaintiff's and Ms. Montoya's testimony about his intellectual abilities), *R.* at 212, 217 (Plaintiff's and Ms. Montoya's testimony about emotional problems), *R.* at 109, 204, 219 (Plaintiff's and Ms. Montoya's statements and testimony about completion of the social security forms and Plaintiff's attempts to work). Since the ALJ considered and discredited Plaintiff's testimony on these matters, he was not required to explicitly discuss Ms. Montoya's testimony.

### C. Section 1.04 Listing

Plaintiff contends that "the ALJ failed to evaluate the objective medical findings regarding [Plaintiff's] multiple spinal impairments," and that these findings established that these "conditions medically equaled § 1.04 of the medical listings under 20 C.F.R. § 404 Subpart P, Appendix 1." **Memorandum in Support** *(Doc. 16)* at 14-15 (emphasis omitted). Plaintiff states that the MRIs of January 30, 2002 and May 18, 2007, along with the physical consultative examination of Dr. Frank Hesse, M.D., on June 5, 2006, "weighed in favor of an equals determination under listing 1.04." *Id.* at 16 (emphasis omitted). Defendant responds that the ALJ properly found that Plaintiff's spinal disorders did not meet or equal Listing 1.04 because "Plaintiff cites to no evidence that he experienced a disorder 'resulting in compromise of a nerve root or the spinal cord' as Listing 1.04 requires." **Response** *(Doc. 18)* at 9 (citing *Martinez v. Barnhart*, 444 F.3d 1201, 1206 (10th Cir. 2006) ("The requirements of Listing 1.04 are not met or approached because despite the

11

presence of degenerative disc disease of [the] lumbar spine . . . there is no documented evidence of nerve root compression.")).

To establish a disabling impairment that meets or equals Listing 1.04 in 20 C.F.R., Pt. 404, Subpt. P, App. 1, a claimant must present evidence of a spinal disorder "resulting in compromise of a nerve root . . . or the spinal cord." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.04. The Court finds that there is no evidence in the record establishing such an impairment. Neither Plaintiff's MRIs nor Dr. Hesse's physical consultative examination provide evidence of nerve root or spinal cord compression. *See R.* at 132 (first MRI), 37-38 (second MRI), 35-36 (third MRI), and 158 (Dr. Hesse's evaluation of Plaintiff's spine). While Plaintiff argues that his back problems satisfy the equivalency standard for Listing 1.04, Plaintiff's medical evidence still "must meet *all* of the specified medical criteria" for the listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). There is no evidence that Plaintiff's spinal damage met the level of severity of nerve root or spinal cord compression, and, therefore, the ALJ was correct in his finding that Plaintiff's impairment does not meet or equal Listing 1.04. *See e.g., Thompson v. Astrue*, No. 07-1034, 2008 WL 2858800 (D. Kan. July 22, 2008) (unpublished) (finding that claimant did not meet or equal Listing 1.04 because "the record does not reveal the presence of nerve root compression and sensory or reflex loss").

### D.  *ALJ's Step Five Application of the Grids*

Finally, Plaintiff claims that "the ALJ's conclusive application of Grid rules 201.25 did not amount to substantial evidence supporting the Commissioner's decision at step five when the claimant suffered from non-exertional pain and mental impairments." ***Memorandum in Support*** *(Doc. 16)* at 17 (citing *R.* at 32). Plaintiff claims that evidence in the record established that Plaintiff suffered from significant pain and had mental impairments, and therefore, the ALJ should have sought

12

testimony from a vocational expert to determine whether these non-exertional impairments would affect the range of sedentary work available to Plaintiff. ***Memorandum in Support*** *(Doc. 16)* at 18-19. Defendant responds that the ALJ's use of the Grids was proper because Plaintiff fit the Grid criteria, that Plaintiff's pain does not preclude the use of the Grids, and that medical evidence of Plaintiff's mental limitations was not obtained until after the ALJ's decision, and, therefore, is inapplicable to Plaintiff's current application for social security benefits. ***Response*** *(Doc. 18)* at 10-13.

The Grids provide the Commissioner "administrative notice of the number of jobs that exist in the national economy at the various functional levels (*i.e.*, sedentary, light, medium, heavy, and very heavy)." *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2, 200.00(b)). If the ALJ's findings of fact regarding an individual's age, education, training, and RFC all coincide with the criteria of a particular rule in a Grid, the Commissioner may conclude that jobs suitable for the claimant exist in the national economy and that the claimant is, therefore, not disabled. *See Channel*, 747 F.2d at 579. The Grids may not, however, be fully applicable to claimants with nonexertional impairments because the Grids classify RFC based only on exertional or physical strength limitations. *See Channel*, 747 F.2d at 580. Nonexertional impairments are medically determinable impairments, including pain, that do not directly limit physical exertion, but may reduce an individual's ability to perform gainful work nonetheless. *Channel*, 747 F.2d at 580. Pain, however, does not necessarily preclude use of the Grids. *See Ray v. Bowen*, 865 F.2d 222, 225 (10th Cir. 1989) (citations omitted). The ALJ may rely on the Grids whenever the claimant can perform a substantial majority of the work in the designated RFC category. *Evans v. Chater*, 55 F.3d 530, 532-33 (10th Cir. 1995).

Here, the ALJ considered all of Plaintiff's medical records and statements, and found that Plaintiff's ability to perform the full range of sedentary work was not compromised by any significant non-exertional impairments.  *See R.* at 28-31.  The Court finds that the evidence in the record supports this finding.  *See R.* at 147 (Dr. Takemoto reported that "[i]t is hopeful [Plaintiff] can do some type of light work in the future," but not before "the next 4-6 months or so"); *R.* at 151 (Dr. Storrs reported that Plaintiff's physical examination was unremarkable); and *R.* at 170-71 (State Agency physicians reviewing Plaintiff's medical evidence found that Plaintiff was capable of light work).  In addition, the ALJ's uncontroverted determination that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible," supports the ALJ's decision to rely on the Grids.  *R.* at 29; *see Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1030 (10th Cir. 1994) (reliance on the Grids was proper when the claimant's pain testimony was not fully credible).  Plaintiff's reliance on Dr. Morgan's August 16, 2007, examination of Plaintiff's mental abilities for his argument that the ALJ should not have relied on the Grids is misplaced because, as explained in Section IV. A. above, Dr. Morgan's examination was performed after the ALJ's decision.  The Court, therefore, finds that the ALJ correctly relied on the Grids and was not required to obtain the testimony of a vocational expert.

## V.  Recommended Disposition

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the Commissioner's decision be **AFFIRMED**, and Plaintiff's *Motion to Reverse or Remand Administrative Agency Decision* (*Doc. 15*) be **DENIED**.

*Lourdes a. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**