IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD MONTANO,**

    **Plaintiff,**

vs.                                                               **CIV-07-1259 MV/LAM**

**MICHAEL J. ASTRUE, Commissioner**
**of the Social Security Administration,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 25)*

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' Proposed Findings and Recommended Disposition *(Doc. 25)* filed on January 15, 2009, which recommended denying Plaintiff's Motion to Reverse or Remand Administrative Agency Decision *(Doc. 15)*. On January 23, 2009, Plaintiff filed Plaintiff's Objections to the Magistrate [Judge]'s Proposed Findings and Recommended Disposition *(Doc. 26)* (hereinafter "Objections"). Defendant has not filed a response to Plaintiff's objections.

The Court has carefully reviewed Plaintiff's objections de novo, as well as the relevant evidence in the record, and finds the Objections to be without merit. Plaintiff first objects to the Magistrate Judge's proposed finding that the Administrative Law Judge (hereinafter "ALJ") was not required to obtain a consultative psychological examination. *See* Objections *(Doc. 26)* at 1-2. The Court finds that the evidence in the record does not establish the reasonable possibility of a disability related to Plaintiff's intellectual functioning, and that there was no medical evidence diagnosing

Plaintiff with a depressive disorder. The Court, therefore, agrees with the Magistrate Judge's finding that the ALJ was not required to obtain a consultative psychological examination for Plaintiff.

Plaintiff next objects to the Magistrate Judge's finding that Dr. Morgan's August 16, 2007, examination of Plaintiff did not relate to the period on or before the ALJ's decision. *Id.* at 3-4. The Court finds that Dr. Morgan's examination of Plaintiff reflects Plaintiff's status at the time of the examination, and, therefore, is not "material" under 20 C.F.R. § 404.970(b) because the examination took place after the ALJ's June 28, 2007, decision. Plaintiff argues that because the form Dr. Morgan used in his assessment asked him to consider Plaintiff's "medical history and the chronicity of findings as from prior to June 2003 to current examination," that his assessment, therefore, relates to the period prior to the ALJ's decision. *See* Objections *(Doc. 26)* at 3; *see also R.* at 195. The Court disagrees. As stated in the Proposed Findings and Recommended Disposition, Dr. Morgan states that "[b]ased on [Plaintiff's] current status, [Plaintiff] should reapply or ask for a reconsideration of his disability benefits." *R.* at 193; *see also* Proposed Findings and Recommended Disposition *(Doc. 25)* at 9. The Court finds that, even though Dr. Morgan may have considered Plaintiff's medical history and findings from prior to the ALJ's decision, Dr. Morgan's assessment nevertheless does not constitute medical evidence of a disability from on or before the ALJ's decision.

Third, Plaintiff objects to the Magistrate Judge's finding that the ALJ erred in "fail[ing] to expressly and explicitly discuss the testimony of Ms. [Janelle] Montoya." Objections *(Doc. 26)* at 4 (citing Proposed Findings and Recommended Disposition *(Doc. 25)* at 10-11). As stated in the Proposed Findings and Recommended Disposition, Ms. Montoya's testimony is largely cumulative of Plaintiff's testimony and written statements, and the ALJ considered and discredited Plaintiff's

testimony on these matters. *See* Proposed Findings and Recommended Disposition *(Doc. 25)* at 11. The Court agrees and finds that for those reasons the ALJ was not required to explicitly discuss Ms. Montoya's testimony.

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff's spinal impairment did not meet or equal Listing 1.04 because there is no evidence in the record that Plaintiff's spinal damage meets or equals the level of severity of nerve root or spinal cord compression. *See* Objections *(Doc. 26)* at 5-6; *see also* Proposed Findings and Recommended Disposition *(Doc. 25)* at 11-12. Plaintiff states that his second MRI "clearly demonstrated spinal canal narrowing at the L4-L5 level of his lumbar spine" (Objections *(Doc. 26)* at 5 (citing *R.* at 38)), and that "the MRI evidence further demonstrated multilevel facet hypertrophy a condition known to compromise the spinal cord." Objections *(Doc. 26)* at 5. The Court does not find that there is evidence in the record of nerve root or spinal cord compression. In fact, the *Record* states that Plaintiff's second MRI showed "*mild* spinal canal narrowing," and "[n]o evidence or major spinal canal or neural foramina stenosis present." *R.* at 38 (emphasis added). The Court finds that the Magistrate Judge's findings on this issue are correct.

Finally, Plaintiff objects to the Magistrate Judge's affirmance of the ALJ's decision to rely on the Grids. *See* Objections *(Doc. 26)* at 6-7. As stated in the Proposed Findings and Recommended Disposition, the *Record* does not contain evidence to support a finding that Plaintiff had any significant non-exertional impairments. *See* Proposed Findings and Recommended Disposition *(Doc. 25)* at 12-14. Plaintiff argues that Dr. Morgan's assessment provided evidence of Plaintiff's non-exertional impairments, but as explained above and in the Proposed Findings and Recommended Disposition, Dr. Morgan's assessment was performed after the ALJ's decision and, therefore, does not provide evidence that the ALJ incorrectly relied on the Grids. *Id.* at 14. The

Court agrees with the Magistrate Judge's findings on this issue as well.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Magistrate [Judge]'s Proposed Findings and Recommended Disposition *(Doc. 26)* be **OVERRULED**;

**IT IS FURTHER ORDERED** that the Proposed Findings and Recommended Disposition (*Doc. 25*) are **ADOPTED** by the Court;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (*Doc. 15*) is **DENIED**;

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**